**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

YUNXIN CAO,

                Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney
General,

                Respondent.

No.   12-70080

Agency No. A089-810-900

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 13, 2017
Honolulu, Hawaii

Before: FISHER, PAEZ, and NGUYEN, Circuit Judges.

Yunxin Cao, ("Cao"), a native and citizen of China, petitions for review of

the Board of Immigration Appeals' ("BIA") determination that Cao was not

entitled to asylum because he had not provided sufficient "reliable, probative

evidence to corroborate material aspects of his claim." The BIA affirmed, without

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

adopting, the Immigration Judge's ("IJ") decision to deny asylum on the same basis. We have jurisdiction under 8 U.S.C. § 1252. Reviewing de novo, we conclude that the BIA erred as matter of law in failing to provide Cao notice of the corroborating evidence required and an opportunity to provide such evidence or explain why it was not reasonably available. *Mendoza-Pablo v. Holder*, 667 F.3d 1308, 1312 (9th Cir. 2012).

**1.** When an IJ determines that an applicant for asylum presented insufficient evidence to corroborate his claims, the agency must provide the asylum seeker notice of the required evidence and an opportunity to provide such evidence or explain why it is not reasonably available. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Ren v. Holder*, 648 F.3d 1079, 1090 (9th Cir. 2011) (interpreting § 1158(b)(1)(B)(ii) to mean that "an IJ must provide an applicant with notice and an opportunity to either produce the evidence or explain why it is unavailable before ruling that the applicant has failed in his obligation to provide corroborative evidence and therefore failed to meet his burden of proof."); *see also Zhi v. Holder*, 751 F.3d 1088, 1094-95 (9th Cir. 2014) (upholding *Ren*'s procedural requirements).

Here, the BIA rejected Cao's claim because he failed to provide sufficient evidence to corroborate his claim. Specifically, the BIA faulted Cao for failing to provide "birth certificates, identification cards, or school or hospital records to

establish the birth, identity, or paternity of the children; [and] hospital records for his wife to establish an IUD insertion or removal, the birth of the second child, or the claimed sterilization."  The IJ had similarly criticized Cao, without giving any continuance or opportunity to gather such evidence or explain why it was not reasonably available.

**2.** The government argues that Cao waived his challenge regarding the lack of notice and opportunity to provide corroborating evidence.  We disagree.  Cao sufficiently exhausted the argument because he argued before the BIA that the IJ erred in requiring corroborating evidence and questioning his credibility.  *See Zhi*, 751 F.3d at 1094 n.5 (holding that with a similar argument, the petitioner "challenged the IJ's overall credibility determination and denial of his claims for asylum and withholding of removal. The 'notice' requirement is a sub-part of that overall determination, and we therefore have jurisdiction over this issue.").

**3.**  The government also argues remand is unnecessary because the BIA held, in the alterative, that Cao failed to establish "past persecution or a well-founded fear of future persecution on account of 'other resistance'" to China's coercive population control policies.  The BIA, however, based this conclusion at least in part on the lack of corroborating evidence.  Accordingly, the BIA's legal error under *Ren* and *Zhi* was not harmless.

**4.**  As a result of this legal error, we grant the petition and remand.

*Bhattarai v. Lynch*, 835 F.3d 1037 (9th Cir. 2016) (remanding for failure to provide notice and opportunity in violation of *Ren* and *Zhi*).  On remand the agency should provide Cao with notice of the evidence it requires to corroborate his claims, and a meaningful opportunity either to provide that evidence or explain why it cannot reasonably be obtained.

**Petition GRANTED and REMANDED.**